# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

United States of America,

    Plaintiff,

v.                                               Case No. 08-20096-JWL
                                                      13-2508-JWL

Jeremiah L. Findley,

    Defendant.

## MEMORANDUM & ORDER

In December 2008, defendant Jeremiah L. Findley, pursuant to a Rule 11(c)(1)(C) plea agreement, pled guilty to attempted carjacking and carrying, using, possessing and discharging a firearm during and in relation to a crime of violence. The parties jointly recommended a sentence of 180 months' imprisonment and, in April 2009, the court sentenced Mr. Findley to 180 months' imprisonment. This matter is now before the court on Mr. Findley's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 37) and his related motion for sentencing transcripts (doc. 32). As will be explained, the motion to vacate is dismissed because it was untimely filed and the motion for transcripts is denied as moot.[1]

---

[1] The government's motion to enforce the waiver in Mr. Findley's plea agreement is also before the court. That motion is denied as moot in light of the court's finding that Mr. Findley's motion to vacate is untimely. Mr. Findley has also filed a motion requesting that the court provide to him or to his mother a copy of his PSR. The government objects to this request on the basis that Mr. Findley, for security reasons and consistent with the policy of the Bureau of Prisons, has supervised access to his PSR through his unit team within the prison facility. Mr. Findley has not filed a reply to the government's response and, thus, the court assumes that this issue is resolved to Mr. Findley's satisfaction. Nonetheless, because the request expressly relates to Mr. Findley's untimely motion to vacate, the request is denied as moot.

A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief. Under 28 U.S.C. § 2255(f), a criminal defendant may file a habeas petition one year from the latest of four circumstances:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mr. Findley makes no argument that his motion to vacate somehow falls within the limitations period under any of the subsections listed in § 2255(f). In fact, he has not filed any reply whatsoever to the government's response. Moreover, the court can discern from the record no facts suggesting that Mr. Findley's motion might be timely filed under any of the subsections of § 2255(f). While Mr. Findley's motion references a claim under the Supreme Court's decision in *Alleyne*, that case is not applicable retroactively on collateral review. *In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013). As such, the one-year limitations period began to run on the date on which Mr. Findley's judgment of conviction became final.

Where a defendant files an appeal, his conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."

*Clay v. United States*, 537 U.S. 522, 525 (2003). Where a defendant does not file an appeal, his conviction becomes final on the date when the time for filing an appeal expires. *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). A criminal defendant must file a notice of appeal within fourteen days of judgment. Fed. R. App. P. 4(b)(1)(A). Here, judgment was entered against Mr. Findley on April 7, 2009. He did not file a direct appeal. Thus, his judgment became final on April 21, 2009—fourteen days after entry of judgment. Mr. Findley filed his § 2255 motion in October 2013—long after the close of the one-year limitations period. He is now time-barred from filing a habeas petition in the absence of showing justification for equitable tolling of the one-year limitations period.

AEDPA's one-year limitations period may be tolled for equitable reasons, but only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Generally, equitable tolling is appropriate if the movant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To show due diligence, the movant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Excusable neglect, however, does not support equitable tolling. *See Gibson*, 232 F.3d at 808. Equitable tolling also may be appropriate if the movant is actually innocent. *See id*. Finally, a movant bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 977.

Mr. Findley does not set forth any extraordinary circumstances that merit equitable tolling of the limitations period. He does not assert that he diligently pursued his claims, he

3

does not advance a claim of actual innocence, he has not shown that the government's conduct prevented him from timely filing, and he does not otherwise contend that his untimely filing was caused by circumstances beyond his control. Because Mr. Findley filed his § 2255 petition outside the one year limitations period, and equitable tolling is not warranted in this action, his motion is time-barred under § 2255(f). Thus, Mr. Findley's § 2255 petition is dismissed as untimely.

The court turns, then, to resolve whether Mr. Findley has "succeeded in meeting the standards Congress and the Supreme Court have imposed" for the issuance of a certificate of appealability. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). In order to obtain a COA, Mr. Findley must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). He cannot make this showing. Mr. Findley's motion is undisputedly untimely filed and the court has no jurisdiction to proceed. Reasonable jurists, therefore, could not debate the court's decision to dismiss and the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Findley's motion for Order regarding PSIR (doc. 25) is **denied as moot**; the motion for transcripts (doc. 32) is **denied as moot;** and his motion to vacate under 28 U.S.C. § 2255 is **dismissed.** The court denies a certificate of appealability. The government's motion to enforce the waiver in Mr. Findley's plea agreement (doc. 43) is **denied as moot**.

**IT IS SO ORDERED.**

Dated this 22nd day of April, 2014, at Kansas City, Kansas.

<pre>                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge</pre>