**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

United States of America,

          Plaintiff,

v.                                        Case No. 08-20096-01-JWL

Jeremiah L. Findley,

          Defendant.

## MEMORANDUM AND ORDER

        On October 27, 2008, the defendant was arrested pursuant to a writ of habeas corpus ad prosequendum from the Kansas Department of Corrections.  On December 29, 2008, the defendant entered into an agreement with the government pursuant to Rule 11(c)(1)(C) and pled guilty to attempted carjacking and using and discharging a firearm during a crime of violence.  On April 6, 2009, the defendant was committed to the custody of the United States Bureau of Prisons for 180 months, ordered to run consecutively to the defendant's undischarged Wyandotte County, Kansas District Court cases and a Johnson County Kansas District case.  The defendant's PSR noted that his earliest possible release date from the Kansas Department of Corrections was September 24, 2010. He was committed to federal custody on or about October 15, 2010 after his state sentence ended. The defendant is currently incarcerated at Thomson USP in Thomson, Illinois, with a projected release date of April 23, 2024.  This matter is now before the court on the defendant's motion seeking credit against his federal sentence for time spent in federal custody prior to April 6, 2009 (doc. 49).  As will be explained, the court lacks jurisdiction over the defendant's motion.

The defendant asks the court to apply credit to his sentence for time served.  The federal statute that governs this request is 18 U.S.C. § 3585(b). It provides, as relevant here, that a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences" if the time spent in detention prior to the sentence taking effect was "a result of the offense for which the sentence was imposed" or because it was "a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed[.]" 18 U.S.C. § 3585(b)(1)–(2). According to the same statute, a defendant may receive credit for time served only if the time "has not been credited against another sentence." *Id.*

The Supreme Court has said that the authority "to compute the credit under § 3585(b)" belongs to the Attorney General, not district courts. *United States v. Wilson*, 503 U.S. 329, 335–36 (1992); *see also United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) (explaining that "credit awards must be made by the Attorney General, through the Bureau of Prisons, after sentencing").  If a defendant believes that the Attorney General erred in calculating a time credit, he must "exhaust his administrative remedies with the Attorney General before seeking judicial review." *United States v. Woods*, 888 F.2d 653, 654 (10th Cir. 1989) (citing *United States v. Mitchell,* 845 F.2d 951, 952 (11th Cir. 1988)). If, after pursuing and exhausting administrative remedies, a defendant remains dissatisfied with the results of his efforts, then he may file a petition for judicial review, under 28 U.S.C. § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief[.]").  A § 2241 petition must be filed in the judicial district where the defendant is incarcerated against the person who has custody over him. *See Lee v. Oliver*, 574 Fed. Appx. 846,

846-47 (10th Cir. Sept. 3, 2014); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

As noted earlier, the defendant is incarcerated at Thomson USP in Thomson, Illinois, in the Northern District of Illinois. The District of Kansas is not the defendant's district of confinement and, accordingly, the court lacks jurisdiction over the motion. Moreover, the court declines to transfer the motion to the correct district because it does not appear that the defendant has pursued or exhausted administrative remedies through the Bureau of Prisons in the first instance. *See Haugh v. Booker*, 210 F.3d 1147, 1149–51 (10th Cir. 2000) (district court should take a "quick look at the merits" before deciding whether to transfer the case under 28 U.S.C. § 1631 or dismiss the petition outright). Because administrative exhaustion is a "prerequisite" to seeking out a district court's assistance on issues relating to credit and sentence calculation, the Northern District of Illinois would be without jurisdiction to consider the merits of the defendant's motion. *Garza*, 596 F.3d at 1204 (holding that where defendant conceded his failure to exhaust administrative remedies and also had not demonstrated that administrative exhaustion would have been a futile effort, the court could not proceed to the merits of his § 2241 claim). For this reason, the court declines to transfer the defendant's motion to the Northern District of Illinois.

In sum, the defendant must first pursue administrative remedies through the Bureau of Prisons before he asks a federal district court to consider a request to apply a credit to his sentence for time served. *Garza*, 596 F.3d at 1203. If, after he has done so, the defendant still feels that he is entitled to relief, he may pursue that relief by filing a § 2241 petition in the Northern District of

3

Illinois—the federal district where he currently is incarcerated—assuming he still is incarcerated there.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for credit against his sentence (doc. 49) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 10th  day of January, 2022, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge